In the
United States Court of Appeals
for the Fifth Circuit

---

No. 25-30225

---

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MATTHEW MATHERNE,

*Defendant - Appellant*

---

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 6:24-CR-24-1

---

ORIGINAL BRIEF FOR THE APPELLANT
MATTHEW MATHERNE

---

REBECCA L. HUDSMITH
Federal Public Defender

DUSTIN C. TALBOT
Appellate Chief
Federal Public Defender's Office
Middle and Western Districts of
Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

*Attorney for the Appellant*

In the
United States Court of Appeals
for the Fifth Circuit

No.  25-30225

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MATTHEW MATHERNE,

*Defendant - Appellant*

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 6:24-CR-24-1

## ORIGINAL BRIEF FOR THE APPELLANT
## MATTHEW MATHERNE

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

i

**Judges Below:**

The Honorable Robert R. Summerhays, United States District Judge

The Honorable Carol B. Whitehurst, United States Magistrate Judge

**Defendant - Appellant:**

Matthew Matherne
B.O.P. Reg. No. 00395-511

**Attorneys for the Defendant - Appellant:**

Dustin C. Talbot (on appeal)
> Appellate Chief

Aaron Albert Adams (in the district court)
> Assistant Federal Public Defender
> Federal Public Defender's Office
> Middle and Western Districts of Louisiana

**Attorneys for the Government - Appellee**

Camille Ann Domingue (on appeal)
John Luke Walker (in the district court)
> Assistant United States Attorneys

Lafayette, Louisiana, September 3, 2025.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Matthew Matherne respectfully requests oral argument. This case presents significant issues regarding the evidentiary standards applicable to restitution determinations, particularly the limits of relaxed evidentiary rules when the government's entire case rests on mathematically erroneous hearsay documents from a non-testifying witness. The district court's acceptance of a social worker's projections containing over $450,000 in calculation errors, without requiring the author's testimony or any foundational evidence, raises fundamental questions about the reliability threshold for restitution evidence.

The intersection of these evidentiary and causation issues, combined with the absence of any testifying witness to explain or defend the government's evidence, presents complex questions that would benefit from the focused dialogue of oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................i

STATEMENT REGARDING ORAL ARGUMENT ................................iii

TABLE OF CONTENTS ....................................................................iv

TABLE OF AUTHORITIES ................................................................vi

STATEMENT OF JURISDICTION......................................................1

STATEMENT OF THE ISSUE.............................................................2

> Whether the district court's $155,255.48 restitution award constitutes an abuse of discretion where the award rests entirely on hearsay reports from an absent social worker whose calculations contained over $450,000 in mathematical errors and whose treatment projections lacked any evidentiary foundation, diagnostic support, or analysis of causation?

STATEMENT OF THE CASE ...............................................................2

SUMMARY OF THE ARGUMENT ......................................................9

ARGUMENT .....................................................................................10

    I.   The district court abused its discretion by awarding restitution based on evidence that failed to meet minimum reliability standards even under relaxed evidentiary rules..... 10

       A.   Standard of review ........................................................10

       B.   Applicable law...............................................................11

C.   The district court abused its discretion by accepting speculative projections based on mathematically flawed and unfounded evidence ................................................ 12

D.   The district court abused its discretion by failing to make required findings regarding causation and reasonable necessity ........................................................ 17

CONCLUSION ............................................................................ 20

CERTIFICATE OF SERVICE ............................................................ 21

CERTIFICATE OF COMPLIANCE ...................................................... 21

v

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                      <u>PAGE</u>

*United States v. Arledge*, 553 F.3d 881 (5th Cir. 2008) .......................... 12

*United States v. Crawley*, 533 F.3d 349 (5th Cir. 2008) ........................ 10

*United States v. De Leon*, 728 F.3d 500 (5th Cir. 2013) ................... 10, 18

*United States v. Johnson*, 94 F.4th 434 (5th Cir. 2024)........................ 10

*United States v. Kim*, 988 F.3d 803 (5th Cir. 2021) ............................... 16

*United States v. Majors*, No. 20-40405, 2022 WL 301545 (5th Cir. Feb. 1, 2022) (unpublished)................................................................16-17

*United States v. Sharma*, 703 F.3d 318 (5th Cir. 2012)........ 12, 14-15, 17

<u>STATUTES</u>

18 U.S.C. § 2251(a) ...................................................................................3

18 U.S.C. § 2259 ................................................................................. 3, 11

18 U.S.C. § 2259(b)(2)(A)......................................................................... 11

18 U.S.C. § 2259(b)(2)(B)......................................................................... 11

18 U.S.C. § 2259(c)(2) .............................................................................. 17

18 U.S.C. § 2259(c)(2)(A) ......................................................................... 11

18 U.S.C. § 3231 ....................................................................................... 1

18 U.S.C. § 3663A.......................................................................... 3, 11, 18

18 U.S.C. § 3663A(a)(2) ........................................................................... 17

18 U.S.C. § 3663A(b)(2)(A) ............................................................ 11, 17-18

18 U.S.C. § 3663A(c)(1)(B) ................................................................... 11

18 U.S.C. § 3664(e) ............................................................................. 10

18 U.S.C. § 3742 ................................................................................... 2

28 U.S.C. § 1291 ................................................................................... 2

In the
United States Court of Appeals
for the Fifth Circuit

No. 25-30225

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MATTHEW MATHERNE,

*Defendant - Appellant*

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 6:24-CR-24-1

## ORIGINAL BRIEF FOR THE APPELLANT
MATTHEW MATHERNE

## STATEMENT OF JURISDICTION

This matter originated in the United States District Court for the Western District of Louisiana. The district court's jurisdiction arose under 18 U.S.C. § 3231 inasmuch as the action involved an allegation of an offense against the United States. This is an appeal of a final amended judgment entered by the district court on May 7, 2025. ROA.60.

1

Appellant filed a timely notice of appeal on May 10, 2025. ROA.66. As such, this Court's jurisdiction to review the matter is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**STATEMENT OF THE ISSUE**

Whether the district court's $155,255.48 restitution award constitutes an abuse of discretion where the award rests entirely on hearsay reports from an absent social worker whose calculations contained over $450,000 in mathematical errors and whose treatment projections lacked any evidentiary foundation, diagnostic support, or analysis of causation?

**STATEMENT OF THE CASE**

Matthew Matherne appeals a restitution order of $155,255.48 that the district court imposed despite his objections below to the significant evidentiary deficiencies that fall below the reliability standards required even under the relaxed evidentiary rules applicable to restitution proceedings.

On February 21, 2024, a grand jury indicted Appellant Matthew Matherne on three counts related to child exploitation. ROA.11. Matherne, a 45-year-old paraplegic with no criminal history, had

engaged in a sexual relationship with a 15-year-old runaway he met online and created pornographic images during that relationship. ROA.166-67. The record established that the victim had experienced trauma prior to meeting Matherne, as confirmed in the victim impact statement where the victim's mother stated her daughter "had been a victim before" and "had past trauma" from before she ever encountered Matherne. ROA.150.

On May 30, 2024, Matherne pleaded guilty to Count 2, production of child pornography in violation of 18 U.S.C. § 2251(a), with the remaining counts dismissed. ROA.35-36, 157-58. The plea agreement deferred restitution determination, stating it "will be determined by the Court after a complete review of the evidence developed in the investigation." ROA.159. The presentence report correctly noted that restitution was mandatory under 18 U.S.C. §§ 3663A and 2259. ROA.285. But, crucially, the probation officer made no findings with regard to restitution in the presentence report. *See* ROA.258 (probation officer stating that no claims of restitution were ever received from the victim).

On November 15, 2024, the district court sentenced Matherne to 210 months' imprisonment followed by lifetime supervised release.

ROA.38-40. At sentencing, the government moved to extend time for determining restitution. Despite Matherne's objection, the court granted the extension and scheduled a hearing for January 17, 2025. ROA.101-05.

After transfer to federal custody, Matherne's significant medical conditions prevented his appearance at the restitution hearing. Following unsuccessful attempts to arrange video appearance at the January 17 hearing, ROA.47, 53, Matherne filed a waiver of presence on February 4, 2025, which the court accepted. ROA.55, 57.

The restitution hearing proceeded on April 4, 2025, where Matherne was not present but was represented by counsel. ROA.116. The government called no witnesses. Instead, it relied exclusively on five documentary exhibits, three of which were prepared by social worker Laura Jones from Richmond, Virginia, who never appeared for examination:

| Gov. Ex. 1 | Letter from social worker Laura Jones | ROA.145 |
| Gov. Ex. 2 | Social worker Laura Jones | ROA.146 |
| Gov. Ex. 3 | Social worker Laura Jones cost estimate | ROA.148 |
| Gov. Ex. 4 | Victim Impact statement | ROA.149 |
| Gov. Ex. 5 | Cost statement by victim's mother | ROA.155 |

ROA.118.

4

Matherne's counsel objected to the social worker's exhibits on hearsay and Confrontation Clause grounds. ROA.119. Defense counsel emphasized that the social worker had never been made available for questioning and that her reports lacked critical details about methodology, necessity, and justification for the proposed treatment plan. As counsel explained:

> I have a whole chunk of questions about how this, especially [exhibit] Number 3, this tabulation was prepared, how she came, the social worker came to the numbers in it, how she came to the treatment plan, how she determined the amount of years necessary, how she determined the frequency of the counseling, how she determined what types of counseling.

ROA. 119.

Counsel further noted that the social worker "just sort of says this is a reasonable estimate, but we really have no basis for how she -- why she believes it to be a reasonable estimate or how she came about that, quote/unquote, reasonable estimate." ROA.119.

Over objection, the court admitted the exhibits, finding that relaxed evidentiary standards at restitution hearings permitted consideration of the reports without requiring the author's testimony. ROA.125.

Government Exhibit 3 purported to calculate treatment costs for six different types of counseling over ten years but contained a calculation

error that the government characterized as a "scrivener's error." ROA.118, 148. The exhibit showed a total of $607,628.00, but the government conceded at the hearing that this figure was incorrect and should be $139,628.00. ROA.125-26. However, the government never submitted a corrected version of Government Exhibit 3, nor did it provide any documentation explaining how the corrected figure was calculated or what specific assumptions underlay the revised projections.

The government nevertheless sought total restitution of $172,594.48. The government sought $139,628.00 in restitution for future counseling from the supposedly (orally) corrected Government Exhibit 3. ROA.126. The government also sought $627.48 in past expenses detailed in Government Exhibit 5. ROA.126, 155. Finally, the government sought $32,339 in projected gas expenses for travel to counseling, which the government claimed was based on Government Exhibit 5, where weekly gas expenses in the amount of $73.50 was requested. ROA.126, 155. The government introduced no documentation supporting either the corrected calculations or explaining the travel cost projections.

6

Defense counsel objected not only on hearsay and confrontation grounds but also emphasized the fundamental lack of foundation for the social worker's methodology and the absence of any diagnostic framework supporting the extensive treatment regimen. ROA.127. Counsel conceded that while some counseling for the victim was reasonable in principle, the government had failed to prove "how we get to the number" $139,628.00. ROA.127. Defense counsel specifically challenged the duplicative nature of the proposed treatments, noting that the plan included "family counseling, and then you have another line item that's family consultation. You have another line item that's community-based parent coaching services." ROA.128. Counsel questioned why the victim would need "both those things as opposed to just one of those things." ROA.128. Relevant to the restitution award, Government Exhibit 4 contains a statement from the victim's mother that her daughter "had been a victim before" and "had past trauma" from before she ever met Matherne. ROA.150.

Counsel for Matherne also challenged the gas costs calculation, which appeared to assume 275 miles of driving per week for therapy

7

without any explanation for why such extensive travel would be necessary. ROA.129.

Despite these fundamental deficiencies, the district court ordered restitution of $155,255.48. ROA.60. The court accepted the government's $139,628.00 figure from the mathematically flawed Exhibit 3, accepted $627.48 in past expenses, and reduced the gas expenses from $32,339 to $15,000. ROA.134-35. The court made no findings regarding the necessity of six concurrent therapy modalities, the reasonableness of ten years of treatment, or whether the victim's acknowledged prior trauma affected the causation analysis.

Matherne filed a timely notice of appeal. ROA.66.

## SUMMARY OF THE ARGUMENT

While restitution hearings operate under relaxed evidentiary standards, those standards do not eliminate the fundamental requirement that restitution awards be supported by adequate evidence meeting minimum reliability thresholds. The district court abused its discretion by accepting treatment projections that, even under relaxed standards, fell below the required reliability benchmarks established by this Court's precedent.

The social worker's cost projections failed to meet evidentiary adequacy requirements in three critical respects: first, the projections contained uncorrected mathematical errors that were never properly documented or explained; second, they lacked sufficient detail regarding the methodology, necessity, and duration of six concurrent therapy modalities spanning up to ten years; and third, they failed to address causation by distinguishing between treatment needs arising from the charged offense versus the victim's acknowledged pre-existing trauma.

These deficiencies, when considered together, rendered the projections insufficiently reliable to support the substantial restitution

9

award, requiring remand for development of an adequate evidentiary record.

## ARGUMENT

**I.    The district court abused its discretion by awarding restitution based on evidence that failed to meet minimum reliability standards even under relaxed evidentiary rules**

### A.    Standard of review

When issues have been preserved for appeal, this Court reviews "the legality of a restitution order *de novo* and factual findings, including the amount of loss incurred, for clear error." *United States v. Johnson*, 94 F.4th 434, 439-40 (5th Cir. 2024). "'[P]reserved error as to the quantum of a restitution award' is reviewed for an abuse of discretion." *Id.* at 440 (quoting *United States v. De Leon*, 728 F.3d 500, 507 (5th Cir. 2013)). An abuse of discretion occurs when a court's "ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Johnson*, 94 F.4th at 440 (quoting *United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. 2008)). The government bears the burden of proving restitution amounts by a preponderance of the evidence. 18 U.S.C. § 3664(e).

### B.   Applicable law

Restitution was permissible in this case under 18 U.S.C. § 2259 and 18 U.S.C. § 3663A. Section 3663A, the general restitution statute, provides that restitution is mandatory in cases "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." § 3663A(c)(1)(B). Restitution under § 3663A includes payments to the victim for "necessary medical and related professional services…relating to physical, psychiatric, and psychological care." § 3663A(b)(2)(A).

Section 2259, the mandatory restitution statute specific to production of child pornography, provides that restitution is mandatory and that the "court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." § 2259(b)(2)(A). Restitution ordered under § 2259 shall be no less than $3,000. § 2259(b)(2)(B). Section 2259 provides that restitution includes "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim" including "medical services relating to physical, psychiatric, or psychological care." § 2259(c)(2)(A).

While the evidentiary standards at restitution hearings are relaxed, the fundamental requirement remains unchanged: every dollar of restitution must be supported by sufficient record evidence. *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012) ("excessive restitution awards cannot be excused by harmless error; every dollar must be supported by record evidence"). District courts cannot award restitution based on speculation or unsupported assertions, even under relaxed evidentiary standards. The government must provide an "adequate evidentiary basis" for its factual findings regarding victim losses. *Id.*

C.    **The district court abused its discretion by accepting speculative projections based on mathematically flawed and unfounded evidence**

The district court's $155,255.48 restitution order rests on a fundamentally flawed foundation that exemplifies the type of unsupported speculation this Court has previously rejected. In *United States v. Arledge*, 553 F.3d 881 (5th Cir. 2008), this Court vacated a multimillion-dollar restitution award, holding that the district court abused its discretion when it relied on inadequate evidence to support its loss calculations. *Id.* at 899. Here, the district court committed the same

12

error by accepting a single social worker's chart containing mathematical errors exceeding $450,000 and lacking any meaningful evidentiary foundation.

$139,628.00 of the restitution award rested on Government Exhibit 3, a one-page chart prepared by social worker Laura Jones projecting treatment costs over ten years:

| Service | Duration | Frequency | Unit expense | Subtotal |
|---|---|---|---|---|
| Psychiatric consultation on a biweekly to monthly basis for the next 10 years | 10 years | Once per month (or more frequent, as the doctor sees fits) | $250.00 | $30,000 |
| Individual counseling for Trauma and loss | 8 years | Once per week | $125.00 | $520,000.00 |
| Family Counseling for trauma, rebuilding healthy attachment, and grief | 6 years | Twice a month | $138.00 | $21,528.00 |
| Group counseling for trauma, anxiety, and bereavement | 2 years | Once per week | $100.00 | $10,400 |
| Family Consultation | 2 years | Once per month | $125.00 | $300.00 |
| Re-Evaluations | 8 years | Annually | $250.00 | $2,000.00 |
| Community based Parent Coaching Services | 1 year | 5 hours weekly | $90.00 | $23,400 |

The total of all services is $ 607,628.00.

ROA.148. This chart claimed that the victim needs six separate and unique therapy and counseling sessions on a regular basis for up to ten

13

years, including psychiatric consultation, trauma and loss counseling, family trauma counseling, group counseling, family consultations, and community-based parent coaching services. ROA.148. Yet the government failed to introduce any evidence to support that the victim needed these multiple concurrent therapies.

The social worker's projections are fatally deficient in multiple respects. *First*, the calculations contain mathematical errors exceeding $450,000. The government acknowledged at the hearing that Government Exhibit 3's purported total of $607,628.00 should actually be $139,628.00. ROA.125-26. As this Court observed in *Sharma*, "obvious mistakes" in loss calculations "undermine our confidence" in the reliability of the evidence and constitute an abuse of discretion. 703 F.3d at 324. The magnitude of the calculation errors here vastly exceeds those in *Sharma*, where this Court found an abuse of discretion for far smaller discrepancies. The government's failure to produce the social worker for examination, despite defense objections, *see* ROA.119-20, 122-23, 127-30, prevented any exploration of how the error occurred or verification of the corrected calculations.

14

*Second*, the social worker failed to establish any diagnostic foundation for the proposed treatment. Despite asserting primary responsibility for the victim's counseling, *see* ROA.145, the social worker never indicated that the victim received any psychological evaluation, psychiatric assessment, or clinical diagnosis[1] supporting the extensive treatment regimen. The complete absence of any diagnostic foundation renders the projections purely speculative.

*Third*, the projections defy logical analysis. The social worker projects disparate treatment durations for different services, suggesting psychiatric consultation will continue for ten years, trauma counseling for eight years, family counseling for six years, and other counseling for two years. ROA.148. No explanation addresses why psychiatric consultation, typically used for medication management and acute symptom treatment, would be needed weekly for a decade.

---

[1] In the victim impact statement, she states she was diagnosed with Post Traumatic Stress Disorder, but no reports or records were ever introduced to support this statement. A victim's statement alone cannot support restitution. *United States v. Sharma*, 703 F.3d 318, 324, n. 21 (5th Cir. 2012) (finding error when the court relied on the statements of the victim, alone, to award restitution).

In *United States v. Kim*, 988 F.3d 803 (5th Cir. 2021), this Court emphasized that district courts must scrutinize restitution calculations and cannot rely on speculative loss amounts. *Id.* at 813 ("[T]he district court erred in ordering restitution based on the speculative loss amount contained in the PSR"). Here, the social worker's chart represents precisely the type of unsupported speculation that *Kim* prohibits. The chart's round numbers, lack of supporting documentation, and absence of any explanation for the specific treatment modalities selected cannot satisfy the government's burden of proving losses by a preponderance of the evidence.

Most recently, in *United States v. Majors*, No. 20-40405, 2022 WL 301545 (5th Cir. Feb. 1, 2022) (unpublished), this Court vacated a restitution award where the presentence report was "internally inconsistent and filled with gaps," noting that the record evidence lacked "sufficient indicia of reliability" to support the award. *Id.* at *2-*3. The *Majors* Court found that internal inconsistencies and gaps in the evidence undermined confidence in the reliability of the loss calculations. Here, the social worker's report suffers from even more fundamental deficiencies. Unlike in *Majors*, where the victim provided some

16

information about her losses, here the social worker provided no explanation for her methodology, no diagnostic support for the treatment plan, and calculations containing errors exceeding $450,000.

### D. The district court abused its discretion by failing to make required findings regarding causation and reasonable necessity

The district court compounded its error by failing to make any findings regarding whether the projected treatment costs were proximately caused by the offense and whether they were reasonably necessary. Both statutes require that restitution be limited to losses that result from the offense. 18 U.S.C. § 2259(c)(2); 18 U.S.C. § 3663A(a)(2), (b)(2)(A).

The causation problem is acute in this case. The victim's mother told the court that her daughter "had been a victim before" and "had past trauma" from before she ever met Matherne. ROA.150. Yet the social worker's projections attribute all future mental health treatment to this offense without any analysis distinguishing offense-related symptoms from pre-existing conditions. As this Court held in *Sharma*, restitution must be limited to losses "directly and proximately caused by the defendant's offense of conviction." 703 F.3d at 323. The government

17

cannot simply assume that all future psychological treatment stems from this offense when the record establishes the victim suffered previous trauma.

The district court's failure to address causation violates well-established Fifth Circuit precedent. In *De Leon*, 728 F.3d 500, this Court emphasized that restitution must be tied to specific losses caused by the charged offense, not "exaggerated" broader categories of harm. 728 F.3d at 508. The *De Leon* Court remanded because the district court failed to exclude payments made outside the scope of the charged conspiracy. *Id.* Here, the district court made no effort to distinguish between treatment needs arising from this offense versus the victim's acknowledged prior trauma.

Section 3663A explicitly limits restitution to "necessary medical and related professional services." § 3663A(b)(2)(A). The "necessary" requirement prevents victims from obtaining windfall recoveries through excessive or unnecessary treatment projections. Here, the district court made no findings regarding whether six simultaneous therapy modalities were necessary or whether ten years of treatment was reasonable, or

18

whether less expensive alternatives might achieve the same therapeutic goals.

The social worker's projections include several categories of treatment that appear duplicative without explanation. Family trauma counseling, family consultations, and community-based parent coaching services all appear to address family dynamics, yet no explanation justifies why three separate family-focused interventions would be necessary. ROA.148. Similarly, both individual trauma counseling and group counseling address trauma processing, but no justification supports both modalities continuously for many years.

As Matherne's counsel conceded at the restitution hearing below, the victim in this case is entitled to restitution and counseling could certainly form the basis for a restitution order, ROA.122, but the government failed to introduce evidence that meets the fundamental requirements of reliability and adequate foundation for the amount awarded. The district court abused its discretion in the restitution award below.

## CONCLUSION

For the foregoing reasons, Appellant Matthew Matherne respectfully requests that the Court vacate the restitution order and remand for recalculation based on evidence that meets the fundamental requirements of reliability and adequate evidentiary foundation established by this Court's precedents.

Respectfully submitted,

REBECCA L. HUDSMITH
Federal Public Defender

BY:  *s/ Dustin C. Talbot*
     DUSTIN C. TALBOT
     Appellate Chief
     Federal Public Defender's Office
     Middle and Western Districts of Louisiana
     102 Versailles Boulevard, Suite 816
     Lafayette, Louisiana 70501
     Telephone: (337) 262-6336

*Attorney for the Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been served by the 5th Circuit electronic filing system on the Assistant United States Attorney, on September 3, 2025.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,006 words.

2.  This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century typeface with a 14 point font.

Lafayette, Louisiana, September 3, 2025.

*s/Dustin C. Talbot*
DUSTIN C. TALBOT